# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| KNOVIQ IT SOLUTIONS LLC<br>   30 Bayberry Lane,<br>   Levittown, NY 11756<br><br>                Plaintiff(s)<br><br>                v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>MATHEW D. EMRICH, in his official capacity, Associate Director of USCIS Fraud Detection & National Security Directorate;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>                Defendant(s). | Civil Action No 1:23-cv-1688 |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS, DECLARATORY RELIEF, AND REVIEW OF AGENCY ACTION FOR VIOLATION OF THE APA

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

# INTRODUCTION

COMES NOW KNOVIQ IT SOLUTIONS, LLC (hereinafter "KNOVIQ" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. KNOVIQ is the Petitioner and U.S. based employer of a Form I-129, naming Mr. Uday Kiran Gundala[1], as the beneficiary for an H-1B based the approval of Plaintiff's Form I-129, Petition for Nonimmigrant Worker.

2. This action is brought as a result of the Defendants' revocation of Plaintiff's approved Form I-129, Petition for Nonimmigrant Worker (hereinafter referred to as "Petition") without first issuing a Notice of Intent to Revoke ("NOIR") pursuant to 8 C.F.R. § 214.2(h)(11)(iii)(A), depriving Plaintiff an opportunity to respond to the NOIR, as required by 8 CFR § 205.2[2]. Pursuant to 5 U.S.C. § 706(1), the Court may compel agency action where it has been unlawfully withheld or unreasonably delayed. Furthermore, the court may set aside agency action deemed to be "arbitrary and capricious."[3] Specifically, the Defendants failed to issue Plaintiff a NOIR and thereby deprived Plaintiff the opportunity to respond to the allegations against them, which served as the basis for the revocation of Plaintiff's approved Form I-129. Due to Defendants' actions, Plaintiff has lost a valued candidate who is prevented from returning to the United States to pursue

---

[1] Mr. Kiran had valid H-1B status while residing in the United States and returned to India to obtain his H-1B stamp following the approval of Form I-129, Petition, filed by Plaintiff KNOVIQ.. Mr. Kiran sought to obtain his H-1B stamp through the dropbox service, rather than applying for an in-person appointment. Mr. Kiran was however subjected to a lengthy in-person interview, and investigation by the Department of Homeland Security, ultimately resulting in the revocation of the approved Form I-129.

[2] Under this provision, "a service officer may revoke an approved petition *upon notice to the petitioner*." Additionally, a Notice of Intent must be issued, giving "*the petitioner the opportunity to offer evidence in support of the petition or self-petition and in opposition to the grounds alleged for revocation of the approval*." If, after the service officer has reconsidered the evidence submitted in support of the petition, and a decision to revoke is made, the petitioner must be given a Notice of Revocation, detailing the specific grounds for the revocation, and thereafter notify the embassy as to the same. In the instant case, no Notice of Intent was issued to the Plaintiff, let alone a Notice of Revocation detailing the specific reasons for the revocation. The DHS has failed to act in accordance with the laws and regulations governing the revocation of approved petitions depriving Plaintiff of the rights to which they are entitled.

[3] (5 U.S.C. § 706(2)(A).

his employment with Plaintiff. Defendants, as described above, have acted in an arbitrary and capricious manner, contrary to the law, in denying and revoking the Form I-129 Petition without giving any notice or opportunity to respond to a NOIR.

3. As such, this action is brought to compel Defendants and those acting under them to issue a NOIR and allow Plaintiff the opportunity to respond to the allegations contained within the same.

## PARTIES

4. Plaintiff KNOVIQ is the Petitioner of an approved Form I-129, naming Mr. Uday Kiran Gundala as the beneficiary, and is a U.S. based employer. For the purposes of this suit, Plaintiff KNOVIQ is situated in Nassau County, New York.

5. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

7. Defendant Mathew D. EMRICH is the Associate Director of the USCIS Fraud Detection and National Security Directorate. This action is filed against him in his official capacity.

8. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of actions taken by one or more of the Defendants which are in violation of law, contrary to the applicable regulations, and arbitrary and capricious.

10. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11. The decision letter dated March 15, 2023, alerted Plaintiff to the revocation of the approved Form I-129, based on derogatory information shared by USCIS, which constitutes final agency action under the APA, 5 U.S.C. § 701 *et seq*.

12. Defendants have failed to comply with the requisite procedure in making a determination as to the revocation of the approved Form I-129. Plaintiff has no available administrative remedies to exhaust.

# FACTUAL ALLEGATIONS

13. On June 28, 2022, Plaintiff KNOVIQ properly filed Form I-129, Petition for Nonimmigrant Worker, naming Mr. Uday Kiran Gundala as beneficiary. Plaintiff's Form I-129 was approved on August 8, 2022. (Receipt# IOE8556017213) with USCIS.[4] **[EXHIBIT A].**

14. In or around January 2023, USCIS took it upon itself to reopen Plaintiff's Form I-129 case, appointing members of the Fraud Detection National Security Directorate[5] ("FDNS") to investigate the case through a site visit. The FDNS contacted Plaintiff's end client in California, and having been unable to obtain any information from the end client, the FDNS submitted derogatory information to USCIS, who in turn relayed the same to the Embassy in Chennai, India, which resulted in the revocation of the approved Form I-129.

15. Instead of allowing Plaintiff KNOVIQ the opportunity to provide an explanation, DHS made an adverse determination, based on a failed site visit by FDNS, and shared derogatory information with DOS, which in turn relied on this derogatory information resulting in the revocation of the approved Form I-129, Petition.[6]

---

[4] In November of 2022, Mr. Kiran sought to obtain an H-1B visa stamp based on a new employment offer through the Dropbox service at the Consular Post in Chennai, India, rather than applying for and attending an in-person interview Mr. Kiran was scheduled for his Dropbox appointment on November 18, 2022. On November 28, 2022, however, the Nonimmigrant Visa Unit issued Form 221G to Mr. Kiran informing him that he would be required to appear for an in-person interview rather than allowing him to utilize the Dropbox service. Mr. Kiran complied fully with the Nonimmigrant Visa Unit's request for evidence. On January 3, 2023, Mr. Kiran appeared for his in-person interview during which the consular officer extensively questioned Mr. Kiran about his employer. The Department of State ("DOS") implemented the Dropbox service in India to make the stamping process more efficient in overcoming the significant delays associated with the traditional H-1B stamping process. H-1B stamping is a crucial and mandatory step in completing the nonimmigrant visa application process, and it is only after the foreign professional has obtained a stamp on his or her passport that the foreign professional will be able to commence employment in the United States. Eligible Indian citizens may utilize the dropbox visa stamping service in India in order to renew their H-1B stamps. This "expedited" process allows eligible Indian citizens to bypass the need for an in-person interview. Specific criteria must be satisfied in order to be considered eligible for utilization of the dropbox service. This dropbox service is available until December 31, 2023. Mr. Kiran has satisfied all requisite criteria for utilizing the dropbox service.

[5] https://www.uscis.gov/about-us/organization/directorates-and-program-offices/fraud-detection-and-national-security-directorate

[6] A refusal letter was issued claiming the basis of the revocation to be fraud and misrepresentation pursuant to 212(a)(6)(c)(i) of the Immigration and Nationality Act. However, Defendants failed to provide Plaintiff KNOVIQ with an opportunity to respond to these allegations and failed to comply with the statutory requirements of providing notice to the Petitioner before revoking the approved Form I-129.

16. It was only after the failed site visit that Plaintiff became aware of the investigation and realized that they were not given a fair opportunity to defend themselves against the allegations which led to revocation of their approved Form I-129.

17. As provided under the governing regulation, pursuant to 8 CFR 214.2(h)(11)(iii)(A), a visa application may be revoked upon a finding that "the statement of facts contained in the petition were not true and correct, inaccurate, fraudulent, or misrepresented a material fact."

18. Pursuant to 8 C.F.R. § 205, USCIS is required to issue a NOIR to Plaintiff KNOVIQ, giving Plaintiff "the opportunity to offer evidence in support of the petition and . . . in opposition to the grounds for revocation of the approval." Furthermore, the notice must contain a detailed statement as to the basis for the revocation as well as the time period petitioner has to respond to the NOIR. 8 C.F.R. 214.2(h)(11)(iii)(B).

19. In the present instance, Plaintiff's Petition was revoked before the issuance of a NOIR based on derogatory and misleading information communicated by USCIS, which had relied on the failed site visit by FDNS, to the Nonimmigrant Visa Section, effectively revoking the approved Form I-129, without giving Plaintiff sufficient notice. Accordingly, Defendants have failed to provide adequate notice of their intent to revoke, pursuant to the statutory provisions contained at 8 C.F.R. § 214.2(h)(11)(iii)(A).

20. As of this date, Plaintiff KNOVIQ has not received the required NOIR.

21. As a result of Defendants' actions, Plaintiff has incurred significant government fees and attorney's fees, and has been forced to lose a valued candidate, who is forced to remain in India.

Count 1
VIOLATION OF THE APA

22. All prior paragraphs are re-alleged as if fully stated herein.

23. Pursuant to 8 C.F.R. § 205.2(a), (b), Defendants have a duty to the Plaintiff to provide Plaintiff with sufficient notice and information to respond to the NOIR. *See* 8 C.F.R. 214.2(h)(11)(iii)(B); 8 C.F.R. § 103.2(b)(8)(iv); 8 C.F.R. 103.8(b).[7]

24. The APA authorizes a court to hold unlawful and set aside agency action that is "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). Defendants conduct in the instant case is both.

25. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

26. No other adequate remedy is available to Plaintiff.

27. Defendants have failed in their duties to provide Plaintiff sufficient and adequate information of their intent to revoke Form I-129, and have failed to give sufficient notice to respond to a NOIR.

28. Defendants' actions in this case are, as a matter of law, arbitrary, capricious, in violation of Plaintiff's rights and not in accordance with the law.

29. Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating that the Defendants issue a NOIR, giving Plaintiffs the requisite period

---

[7] Under 8 C.F.R. § 103.2(b)(8)(iv), Petitioners have a maximum of 30 days to respond to a NOIR, and pursuant to § 103.8(b), Plaintiffs will have an additional three days to respond if USCIS issues the notice via mail.

of time to respond to the NOIR, and thereafter properly adjudicate Plaintiff's Form I-129 in accordance with the pertinent laws, regulations and USCIS guidance.

    2.. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: May 29, 2023                                            Respectfully submitted,

                                                                                /s Sadaf F. Ahmed
                                           **Sadaf F. Ahmed, Esq. (IN0013)**
                                           **JEELANI LAW FIRM, PLC**
                                           **9511 Angola Court**
                                           **Indianapolis, IN 46268**
                                           **sadaf@jeelani-law.com**
                                           **Phone:(312) 767-9030**
                                           **Fax:(312) 767-9030**
                                           ***Counsel for Plaintiff***